IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

| | |
|---|---|
| **MADALEN MILLER,**<br><br>                    **Plaintiff,**<br><br>-against-<br><br>**CAPITAL ONE AUTO FINANCE, INC., MVCONNECT, INC. d/b/a MVTRAC, and SPECIALIZED TOWING AND TRANSPORTATION, INC.,**<br><br>                    **Defendants.** | Civil Case Number:<br><br><u>CIVIL ACTION</u><br>COMPLAINT<br>AND<br>DEMAND FOR JURY TRIAL |

Plaintiff **MADALEN MILLER** ("Plaintiff"), a Florida resident, brings this Complaint by and through the undersigned attorneys against Defendant CAPITAL ONE AUTO FINANCE, INC., Defendant MVCONNECT, INC. d/b/a MVTRAC, and Defendant SPECIALIZED TOWING AND TRANSPORTATION, INC. (collectively "Defendants").

**JURISDICTION AND VENUE**

1. The Court has jurisdiction over this action under 28 U.S.C. § 1331, 15 U.S.C. § 1692 *et seq.*, and 28 U.S.C. § 2201. The Court also has supplemental jurisdiction over the state law claims in this action pursuant to 28 U.S.C. § 1367(a).

1

2. Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391(b)(2).

## NATURE OF THE ACTION

3. Plaintiff brings this action after the Defendants illegally repossessed her vehicle even though she was not in default on her loan and the Defendants did not have an enforceable security interest in it, thereby violating the Florida UCC.  Plaintiff also brings a claim for the illegal repossession of her vehicle in violation of the Fair Debt Collection Practices Act, codified at 15 U.S.C. § 1692 *et seq.*

4. Plaintiff seeks statutory damages, punitive damages and actual damages, as well as attorneys' fees and costs.

## PARTIES

5. Plaintiff MADALEN MILLER is a natural person and a resident of Pinellas County, Florida and is a "Consumer" as defined by 15 U.S.C. §1692a(3).

6. Defendant Capital One Auto Finance, Inc. ("Capital One") is an auto lender headquartered in McLean, Virginia.

7. Capital One is a "creditor" as defined by 15 U.S.C. § 1692a(4).

8. Defendant MVCONNECT, INC. d/b/a MVTRAC ("MV"), is a repossession company, with its principal place of business located at 260 East Helen Road, Palatine, IL 60067.

2

9. Upon information and belief, Defendant MV is engaged in a business whose principal purpose is the enforcement of security interests, namely the repossession of vehicles by lenders.

10. For purposes of Plaintiff's claims under 15 U.S.C. § 1692f(6), Defendant MV is a "debt collector" as defined under the FDCPA under 15 U.S.C. § 1692a(6).

11. Defendant SPECIALIZED TOWING AND TRANSPORTATION, INC., ("Specialized Towing"), is a repossession company, with its principal place of business in Tampa, Florida.

12. Upon information and belief, Defendant Specialized Towing is a company that uses the mail, telephone, or facsimile in a business the principal purpose of which is the enforcement of security interests, namely the repossession of vehicles by lenders.

13. In fact, Specialized Towing's website claims that it has been in the repossession business for over 23 years, and that it offers skip tracing, collections, and repossession services

14. For purposes of Plaintiff's claims under 15 U.S.C. § 1692f(6), Defendant Specialized Towing is a "debt collector" as defined under the FDCPA under 15 U.S.C. § 1692a(6).

## ALLEGATIONS OF FACT

15. Plaintiff owns a 2020 Chevy Silverado (the "Vehicle") which was purchased through a loan with Defendant Capital One.

16. On or about April 23, 2025, Plaintiff was offered a settlement agreement to purchase the Vehicle outright, which she accepted.

17. On or about April 25, 2025, Plaintiff fully paid the agreed settlement amount on the Capital One loan via an online payment.

18. At that time, Capital One issued lien release documentation confirming that Plaintiff's account had been paid in full.

19. Despite the payoff of the Capital One loan and the absence of any lien on the Vehicle by Capital One, Capital One apparently decided months later that it is owed additional amounts on this paid-off auto loan.

20. The debt allegedly owed on the Capital One auto loan is a consumer debt as that term is used and defined in 15 U.S.C. § 1692a(5).

21. As a result, Capital One contracted with Defendant MV to repossess the Plaintiff's vehicle.

22. Upon information and belief, MV does not perform any repossessions itself in Florida, but contracts with repossession companies in all 50 states to carry out the actual repossessions, a fact which was known to Capital One.

23. Upon information and belief, after being contracted by Capital One to repossess the Plaintiff's vehicle, MV arranged for Defendant Specialized Towing to carry out the actual repossession.

24. Upon information and belief, after being contracted by MV to repossess the Plaintiff's vehicle, Specialized Towing proceeded to carry out the actual repossession.

25. On or about October 16, 2025, at approximately 2:00 p.m., Plaintiff discovered that the Vehicle was gone from her private driveway.

26. Believing the Vehicle to be stolen, Plaintiff immediately contacted law enforcement to report the Vehicle as stolen.

27. When responding officers arrived at the scene, they informed Plaintiff that the Vehicle had been repossessed.

28. Plaintiff provided the officers with proof of payment and ownership of the Vehicle.

29. Police then advised Plaintiff to contact Capital One.

30. Plaintiff subsequently contacted Capital One and demanded the return of her vehicle

31. The Capital One agent refused to acknowledge the settlement agreement or the lien release, claiming Plaintiff would need to pay an additional $17,332.20 to recover the Vehicle.

32. Defendants continue to retain possession of the Vehicle and have refused to return it to Plaintiff.

## COUNT I

**VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT**
**15 U.S.C. §1692f** *et seq.*
**(Against MV and Specialized Towing)**

33. Plaintiff repeats, reiterates and incorporates the allegations contained in paragraphs 1-32 above herein with the same force and effect as if the same were set forth at length herein.

34. Plaintiff brings this Count against Defendants MV and Specialized Towing.

35. Section 1692f of the FDCPA prohibits debt collectors from using any unfair or unconscionable means to collect or attempt to collect any debt.

36. Section 1692f(6) of the FDCPA specifically prohibits debt collectors from taking or threatening to take any nonjudicial action to effect dispossession or disablement of property if:

   (A) there is no present right to possession of the property claimed as collateral through an enforceable security interest; or

   (C) the property is exempt by law from such dispossession or disablement.

37. At the time of the repossession, Defendants did not have an enforceable security interest in the Plaintiff's vehicle, but MV and Specialized Towing seized the Vehicle anyway and continue to hold that vehicle even after they were alerted that they had no right to take the Vehicle.

38. Furthermore, because the Defendants did not have an enforceable security interest in the Vehicle, the Vehicle was clearly exempt by law from dispossession.

39. Moreover, under Florida law, a secured party - like Capital One claims to be - does not have the right to retake possession of collateral unless there is a default.

40. At the time of the repossession, the Plaintiff was not in default of her contractual obligations to Capital One, and was therefore not subject to repossession.

41. As a result, Defendants MV and Specialized Towing violated 15 USC § 1692f(6) when they repossessed the Plaintiff's vehicle.

42. By illegally repossessing the Plaintiff's vehicle in violation of the FDCPA, Defendants harmed the Plaintiff, in subjecting the Plaintiff to improper and deceptive collection activity, in violation of the Plaintiff's statutorily created rights to be free from such a debt collector's

7

inappropriate attempts to collect a debt, and from being subjected to false, deceptive, unfair, or unconscionable means to collect a debt.

43. Defendants' illegal activity also harmed the Plaintiff by causing her to suffer anger, anxiety, emotional distress, frustration and embarrassment, by causing her to waste time and effort in trying to regain possession of the Vehicle, and by depriving her of the use of her vehicle and the possessions contained therein.

44. By reason thereof, Defendants MV and Specialized Towing are liable to the Plaintiff for judgment that Defendants' conduct violated 15 USC §1692f, statutory damages, actual damages, costs and attorneys' fees.

## COUNT II

### UNLAWFUL REPOSSESSION
### Florida Statute § 679.601 and 679.609 et seq.
### (Against All Defendants)

45. Plaintiff repeats, reiterates and incorporates the allegations contained in paragraphs 1-32 above herein with the same force and effect as if the same were set forth at length herein.

46. Plaintiff brings this Count against all of the Defendants.

47. Florida only permits self-help repossession of consumer motor vehicles only after default, and only where the lender has an enforceable security interest. Fla. Stat. §§ 679.601, 679.609.

8

48. At the time of the repossession, the Defendants did not have an enforceable security interest in the Plaintiff's vehicle, but they seized the Vehicle anyway and then held that vehicle for a period of time, even after they were alerted that they had no right to take the vehicle.

49. At the time of the repossession, the Plaintiff was not in default of her contractual obligations to Capital One, and was therefore not subject to repossession at the time her vehicle was illegally seized.

50. As a direct and proximate result of the Defendants' illegal repossession, Plaintiff suffered damages, including the loss of use of the Vehicle and the possessions contained therein, the loss of the right to pre repossession judicial process, as well as mental and emotional harm including frustration and embarrassment.

51. By illegally repossessing the Plaintiff's vehicle in violation of the UCC, Defendants harmed the Plaintiff, in subjecting the Plaintiff to improper and deceptive collection activity, in violation of the Plaintiff's statutorily created rights to be free from such a debt collector's inappropriate attempts to collect a debt, and in subjecting Plaintiff to unfair and unconscionable means to collect a debt.

52. Defendants' illegal activity also harmed the Plaintiff by causing her to suffer anger, anxiety, emotional distress, frustration and

embarrassment, by causing her to waste time and effort in trying to regain possession of the Vehicle, and by depriving her of the use of her vehicle and the possessions contained therein.

### COUNT III
### CONVERSION
### (Against All Defendants)

53. Plaintiff repeats, reiterates and incorporates the allegations contained in paragraphs 1-32 above herein with the same force and effect as if the same were set forth at length herein.

54. Plaintiff brings this Count against all Defendants.

55. As set forth above, the Defendants wrongfully repossessed the Plaintiff's vehicle even though they had no enforceable security interest in the Vehicle and at a time that Plaintiff was instead entitled to the present use of her own vehicle.

56. The Defendants then held Plaintiff's vehicle and the possessions contained therein for a period of time, and continue to do so, thereby exercising control over the Plaintiff's property and the possessions contained therein and converting that vehicle and property.

57. Defendants' conversion of Plaintiff's vehicle harmed Plaintiff, by wrongfully taking and holding her vehicle and her possessions contained therein.

58. Defendants further harmed the Plaintiff, in subjecting the Plaintiff to improper and deceptive collection activity, in violation of the Plaintiff's statutorily created rights to be free from such a debt collector's inappropriate attempts to collect a debt, in depriving her of the use of her vehicle and the possessions contained therein, in causing Plaintiff to waste countless hours in trying to recover her vehicle, and by subjecting her to unfair and unconscionable means to collect a debt.

59. Defendants' illegal activity also harmed the Plaintiff by causing her to suffer monetary damages, wasted time, anger, anxiety, emotional distress, frustration and embarrassment.

60. By reason thereof, Defendants are liable to Plaintiff for judgment that Defendants wrongfully converted the Plaintiff's vehicle and personal possessions, actual damages, punitive damages, costs and attorneys' fees.

## DEMAND FOR TRIAL BY JURY

61. Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Plaintiff hereby requests a trial by jury on all issues so triable.

## PRAYER FOR RELIEF

**WHEREFORE,** Plaintiff demands judgment against Defendants as follows:

(a) awarding Plaintiff actual damages incurred, as well as

          punitive damages;

  (b)    awarding the Plaintiff statutory damages, along with the attorneys' fees and expenses incurred in bringing this action;

  (c)    Awarding pre-judgment interest and post-judgment interest; and

  (d)    Awarding Plaintiff such other and further relief as this Court may deem just and proper.

Dated: October 30, 2025

By: /s/ Joseph Kanee, Esq.
Joseph Kanee, Esq.
THE KANEE LAW FIRM, PLLC
1508 SW 23 Street
Fort Lauderdale, FL 33135
786-933-2775
joseph@kaneelaw.com
Attorneys for Plaintiff
Madalen Miller